(Reap. Dec. 10612)

MONTGOMERY WARD & COMPANY *v.* UNITED STATES

Entry No. 4146, etc.

(Decided October 30, 1963)

*Wallace & Schwartz* (*Joseph Schwartz* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

WILSON, Judge: These appeals for reappraisement involve certain cameras (and parts), described on the invoices as "Rolleiflex 4x4/ Xenar 3,5 with cases," which were manufactured by Rollei-Werke Franke & Heidecke, hereinafter called "Franke & Heidecke," Braun-

schweig, Germany, and exported to Montgomery Ward & Company, Chicago, between July 1959 and February 1960.

The merchandise was appraised on the basis of cost of production, under section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. The parties are in agreement that cost of production is the correct basis of value (R. 3–4).

The cameras and cases were invoiced and appraised at the following values:

| Invoiced | | Appraised |
|---|---|---|
| Price of camera_____ | $29.12 | 355.00 DM |
| Price of case_____ | $2.38 | 30.00 DM |
| | | both less 33⅓, 10, 5, 2, and 4% |
| | | plus export packing |

Section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, reads as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

Plaintiff introduced in evidence an affidavit (plaintiff's exhibit 1) of Horst Franke, partner in the exporting firm herein, who stated therein that, for the past 12 years, he had personally supervised all of the operations of his company; that he had personal knowledge of the various kinds of cameras, and specifically the selling prices of such items, sold by the company during the period August 1, 1959, to February 29, 1960, for home consumption in Germany, as well as for exportation to the United States and other countries. The affiant also stated that he was personally familiar with the costs of production of cameras, manufactured by the exporter, and that the "costs

and other figures," as well as other statements made by him in said affidavit, were taken from the books and records of the exporting company.

Mr. Franke further stated that his company did not now manufacture and had not for several years manufactured any other cameras of the same kind as the Rolleiflex 4x4, stating in this connection that the cameras sold to Montgomery Ward were unique and that they differed from cameras previously manufactured by his company in some 14 specifications, as set forth by the affiant in his affidavit. Plaintiff's exhibit 1 then concluded with the following recital:

* * * I further declare that no one else in Germany during the past 20 years has manufactured a camera comparable to, or of the same kind as, the Rolleiflex 4x4.

During the period August 1, 1959, to February 29, 1960, my company sold to Montgomery Ward, Chicago, the greatest quantity of the Rolleiflex 4x4 cameras. The quantity sold to Montgomery Ward represented over 50% of the total quantity sold during this period and was greater than that sold for exportation to other countries or for home consumption in Germany.

*       *       *       *       *       *       *

The cost of materials and of fabrication, manipulation, and all other processes, employed in manufacturing the cameras covered by the shipments listed earlier, at a time (45 days) preceding the date of exportation which would ordinarily permit the production of the cameras in the usual course of business was at [sic] follows:

DM 123.46 per camera
DM 10.10 per case

The usual general expenses incurred in the case of the cameras covered by the aforesaid shipments were as follows:

DM 12.35 per camera
DM 1.01 per case.

The cost of all containers and coverings of whatever nature (aside from the leather cases) and all other costs, charges, and expenses incident to placing the aforesaid cameras in condition packed ready for shipment to the United States were:

DM 0.45 per camera
DM 0.035 per case.

During the years 1959 and 1960 my company made no profit on the Rolleiflex 4x4 cameras exported to Montgomery Ward, Chicago, but incurred a loss as follows:

DM 14.50 per camera
DM 1.19 per case.

From March 1959 to this day my company did not export any Rolleiflex 4x4 camera to anyone else in the United States except to Montgomery Ward.

The defendant introduced in evidence a pricelist put out by the exporter of the involved merchandise (defendant's exhibit A), showing list prices of the imported cameras, as well as other types of cameras sold by the manufacturer. The "Rolleiflex 4x4" camera is therein listed at a price of 355 DM, which was the price taken by the appraiser,

less certain discounts, plus export packing, as representing the value of the merchandise on cost of production basis.

Plaintiff, in this action, contends that the cost of production for the merchandise here imported is that as set forth in plaintiff's exhibit 1 herein, for cost of materials and of fabrication, usual general expenses, cost of all containers and coverings, plus the addition of the statutory profit of 8 per centum.

The appraiser herein found that the cost of production of the involved merchandise was the list price of Franke & Heidecke, the manufacturer herein, as shown in defendant's exhibit A, less discounts of 33⅓ per centum, 10 per centum, 5 per centum, 2 per centum, and 4 per centum, plus export packing. However, the mere fact that pricelists are admissible in evidence by statutory authorization does not necessarily clothe them with probative force. Pricelists have weight, not in establishing the *bona fides* of their *per se* quotations, but in reflecting that a seller is proffering his wares to the buying public. *United States* v. *North American Asbestos Corp.*, 44 Cust. Ct. 801, A.R.D. 123, affirmed in *Same* v. *Same*, 48 CCPA 153, C.A.D. 783. It is true, of course, as stated by the appellate division of this court in the *North American Asbestos* case (A.R.D. 123), that the "quantum of proof required to controvert a presumed state of facts is less than that needed to affirmatively establish such facts in the first instance * * *." The defendant, in this case, correctly contends that the plaintiff has the burden of affirmatively establishing the facts to support the claimed value for the merchandise in issue. Specifically, as to plaintiff's exhibit 1, the Government maintains that the affidavit in question contains "conclusions" of the affiant, not supported by evidentiary facts. I am of opinion, however, that the statements contained in said affidavit are of sufficient probative force as to sustain plaintiff's claimed value for the imported goods, as will be more specifically hereinafter pointed out.

It has been agreed between the parties herein that cost of production is the proper basis for the determination of the value of the merchandise under consideration. Plaintiff maintains that, in view of the concession by the litigant, the only issue here is the amount of "profit" to be added, for cost of production purposes, "since there is no contradiction or rebuttal of the costs of material, labor, general expenses and packing given in the affidavit, exhibit 1" (plaintiff brief, pages 3–4). Defendant, on the other hand, maintains that it is incumbent upon the plaintiff to prove affirmatively every element of cost of production. Our appellate court, in the case of *United States* v. *Alfred Dunhill of London, Inc.*, 32 CCPA 187, 189, C.A.D. 305, has held that "profit" is the difference between receipts and costs. Accordingly, it would appear that the appraiser, in this case, presumably found that

the profit of the manufacturer was the difference between the list price (less discounts as shown in defendant's exhibit A) and the costs of material, labor, general expenses, and packing.

It has been settled that the element of profit in the cost of production valuation statute is based upon the profit ordinarily added by manufacturers of merchandise of the same general character, of the same class or kind, as the particular merchandise under consideration, unless there are no other manufacturers of the same general character as the merchandise under consideration, or their profits are not available, in which case the profit of the particular manufacturer of the merchandise in question is taken as profit in cost of production valuation (*United States* v. *Henry Maier*, 21 CCPA 41, T.D. 46378). A pertinent consideration in the determination of the question in issue, predicated upon the presumption of correctness attaching to the appraiser's finding of value, would appear to be that inherent in the appraiser's return of value is the fact that the profit ordinarily added by manufacturers of any of the cameras of the same general character, of the same class or kind, as the particular cameras under consideration is the profit added by Franke & Heidecke, manufacturer of the imported merchandise. There is no specific item of profit apparent in the appraiser's return. The adoption of the pricelist by the appraiser in the determination of the value of the imported goods corroborates, in my opinion, the statement in plaintiff's exhibit 1 that there were no other German manufacturers of cameras of the same class or kind as those under consideration. At any rate, the action of the appraiser has created a presumption of correctness that the profits of other manufacturers of cameras of the same kind, if any, were not higher than those of the manufacturer in this case.

The defendant herein contends that certain statements of Horst Franke, the affiant in plaintiff's exhibit 1, are mere conclusions of the affiant, not supported by evidentiary facts. In my opinion, this contention, under the circumstances at bar, is without merit. The statements made by the affiant relative to the specific differences between the Rolleiflex camera here in issue and those cameras made by other manufacturers in the country of production were made by one "whose competency to make the statements had been established." *United States* v. *North American Asbestos Corp.*, 44 Cust. Ct. 801, A.R.D. 123, affirmed in *Same* v. *Same*, 48 CCPA 153, C.A.D. 783. Such statements constitute, in my opinion, facts upon which the court can make a conclusion as to whether or not merchandise of other manufacturers was of the same general character, of the same class or kind, as the particular merchandise under consideration. Further, the affiant would appear to be competent to state of his own knowledge that no other manufacturer in Germany had manufactured merchandise of

the same kind as that in issue, and, further, that the greatest volume of sales by the manufacturer of merchandise such as that here imported was made to the importer herein in the United States. In my opinion, plaintiff, in this case, has properly established the item of profit for valuation purposes, in this case, the statutory amount of 8 per centum, it appearing that a loss was incurred on the sale of the merchandise to the importer in this case.

While the plaintiff has maintained that only the amount of profit is in issue, the affiant has, nevertheless, set forth in the affidavit, based upon books and records of the company, certain amounts covering the other elements which go to make up the cost of production for valuation purposes. Accordingly, plaintiff herein has made out a *prima facie* case relative to the cost of production of the imported merchandise. These figures have not been controverted by any evidence on the part of the defendant and, in such case, the presumption of correctness attaching to the appraiser's finding of value herein has been overcome.

On the basis of the record here presented, and for all of the reasons hereinabove set forth, I find as facts:

1. That the imported merchandise consists of "Rolleiflex 4x4/Xenar 3,5 with cases," manufactured by Rollei-Werke Franke & Heidecke, Braunschweig, Germany, and exported during the period July 1959 to February 1960.

2. That the merchandise was appraised upon the basis of its purported cost of production.

3. That, on or about the respective dates of exportation, such or similar merchandise was not freely offered for sale for home consumption in Germany or for exportation to the United States or for sale in the United States.

4. That, during the period in question, there was no other manufacturer in Germany of merchandise of the same general character or of the same class or kind.

5. That the greatest volume of sales by the manufacturer in question during said period was made to the importer herein in the United States.

6. That the cost of materials and of fabrication, the usual general expenses, the cost of packing and containers, and the profit ordinarily added for the merchandise in question per unit in German DM are as follows:

| | Material and labor | Usual general expenses | Containers and packing (except leather case) | Profit | Statutory profit | Total |
|---|---|---|---|---|---|---|
| Camera | DM 123.46 | DM 12.35 | DM 0.45 | None | DM 10.86 | 147.12 |
| Case | DM 10.10 | DM 1.01 | DM 0.035 | None | DM .888 | 12.033 |

7. That the respective costs of production of the cameras and cases in question are as follows:

| | Cameras | Cases |
|---|---|---|
| DM per Unit | 147.12 | 12.033 |

I conclude as matters of law:

1. Such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Germany for home consumption or for exportation to the United States, within the contemplation of section 402a (c) and (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. Such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the United States within the contemplation of section 402a(e) of said act.

3. Cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended, is the proper basis for determining the value of the cameras in question.

4. Such cost of production is as set forth in finding of fact No. 7 above.

Judgment will be rendered accordingly.